**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**KENNETH JOSHUA ARANDA CHAVARRIA,**

*Petitioner*,

v.

**WARDEN, DELANEY HALL DETENTION CENTER,**

*Respondent*.

No. 26-cv-11730

**ORDER**

**O'HEARN, District Judge.**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner *pro se*. (ECF No. 1). Respondent has opposed the Petition and contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) and a final order of removal entered in 2019, apparently while Petitioner was an 11-year-old minor. (*See* ECF No. 1-5 at 27; ECF No. 9). The Court having determined that appointment of counsel is appropriate in the interests of justice pursuant to 18 U.S.C. § 3006A and the applicable habeas rules,

**IT IS** on this 16th day of September, 2026,

**ORDERED** that Mark M. Makhail of McCarter & English, LLP is appointed to represent Petitioner for purposes of this habeas matter through the conclusion of the proceedings in this Court; and it is further

**ORDERED** that appointed counsel shall promptly file an appearance, review the submissions in this matter, and advise the Court by September 20, 2026 how much time is needed to file a reply to Respondent's submission and whether counsel intends to file an amended petition; and it is further

**ORDERED** that, consistent with this Court's prior opinions in *Santamaria-Mejia v. ICE*, No. 26-07437, 2026 WL 2018107 (D.N.J. July 13, 2026) and *Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018 (D.N.J. Sept. 9, 2026), there is no mandatory detention in this case as the removal period has long expired and accordingly no presumption of reasonableness of detention. As such, by September 18, 2026, Respondent shall file a supplemental response that addresses whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Any such information shall be supported by appropriate documentation and/or a certification from an individual with appropriate knowledge of Petitioner's removal efforts and prospects. Respondent shall also provide evidence of any and all removal efforts made since the entry of the removal order in 2019, including all efforts undertaken since Petitioner's detention on August 30, 2026; and it is further

**ORDERED** that, in the same supplemental submission, Respondent shall further explain the apparent discrepancy between their response, which states that Petitioner entered the United States "on an unknown date at an unknown location," (ECF No. 9), and their Exhibit 1, Form I-213, which states that Petitioner was encountered at the border on August 9, 2018, and paroled into the United States, (ECF No. 9-1 at 3); and it is further

**ORDERED** that Respondent shall serve a copy of this Order on Petitioner as soon as reasonably practicable and ensure that Petitioner has access to appointed counsel; and it is finally

**ORDERED** that the Clerk of the Court shall forward a copy of this order to appointed counsel, Mark M. Makhail, at mmakhail@mccarter.com.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**