**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**KENNETH JOSHUA ARANDA CHAVARRIA,**

*Petitioner*,

v.

**WARDEN, DELANEY HALL DETENTION CENTER,**

*Respondent*.

No. 26-cv-11730

**ORDER**

**O'HEARN, District Judge.**

Before the Court is the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 20). Respondent has opposed the Petition and contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) and a final order of removal entered *in absentia* in 2019, when Petitioner was a 12-year-old minor. (*See id* ¶ 3; Gov't Ex. 2, ECF No. 9-2; Gov't Resp., ECF No. 23).

**WHEREAS**, this Court has held that the six-month presumption of reasonableness for detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), does not apply where, as here, the Government seeks to suddenly enforce a dormant removal order long after the statutory removal period has expired. *See Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018, at *4 (D.N.J. Sept. 9, 2026); and

**WHEREAS**, Petitioner has advised the Court that he filed a motion to reopen his *in absentia* removal order, triggering an automatic stay of removal. (ECF No. 24). As the Government acknowledged in *Santamaria-Mejia v. ICE,* No. 26-07437, 2026 WL 2018107, at *2 (D.N.J. July 13, 2026), this materially affects the likelihood of removal in the reasonably

foreseeable future since it automatically stays the removal order; and

**WHEREAS**, the Court directed Respondents to file a supplemental response addressing this fact and how it affects the foreseeability of removal. (ECF No. 25); and

**WHEREAS**, Respondents filed a response, which they acknowledge is untimely, stating that: "Immigration and Customs Enforcement ("ICE") acknowledges that Petitioner filed a Motion to Reopen, and that if that motion is based on a lack of notice, ICE is required to stay Petitioner's deportation which may affect his significant likelihood of removal in the reasonably foreseeable future. Nevertheless, ICE intends to remove Petitioner as soon as the Motion to Reopen is resolved." (ECF No. 27); and

**WHEREAS**, Respondents previously relied on the availability of Petitioner's Honduran identification number and the conclusory assertion of an ICE official that there is a significant likelihood of removal in the reasonably foreseeable future. (ECF Nos. 17, 23). In light of Respondent's latest filing, the Court finds that Respondents have failed to meet their burden to establish a significant likelihood that Petitioner will be removed in the reasonably foreseeable future[1]; therefore

**IT IS** on this 14th day of October, 2026,

**ORDERED** that the Amended Petition for Writ of Habeas Corpus, (ECF No. 20), is **GRANTED**; and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner from custody and promptly file a notice on the docket confirming Petitioner's release; and it is further

[1] Even if the Petitioner had some initial burden under these circumstances, the Court finds that Petitioner has met it here by demonstrating that a motion to reopen has been filed which automatically stays the removal order for at least some period of time. The burden then shifted to the Government which has failed to rebut that showing with sufficient evidence.

**ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231 absent materially changed circumstances; and it is further

**ORDERED** that this Court shall retain jurisdiction over this matter and Petitioner may move to reopen these proceedings without filing a new habeas petition in the event of any re-detention; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**